IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BEAU RIVAGE RESORTS, INC.                                              PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 1:07cv49WJG-JMR

BEL AIRE PRODUCTIONS, INC., AND
TARRAGON WEST ENTERTAINMENT, INC.                        DEFENDANTS

BEL AIRE PRODUCTIONS, INC.           CROSS-PLAINTIFF/CROSS-DEFENDANT

VERSUS

TARRAGON WEST ENTERTAINMENT, INC.   CROSS-DEFENDANT/CROSS-PLAINTIFF

MEMORANDUM OPINION AND ORDER

THIS CAUSE comes before the Court on the motion [167-1] of Plaintiff Beau Rivage Resorts, Inc., [Beau Rivage], to dismiss the copyright claims advanced by Tarragon West Entertainment, Inc., [Tarragon], pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Also pending before the Court is the motion [186-1] of Bel Aire Productions, Inc., [Bel Aire], to strike attachments. The Court has duly considered the record in this action, in addition to the briefs of counsel, and being fully advised in the premises, concludes as follows:

Standard of Review

A complaint may be dismissed for two reasons, lack of either a cognizable legal theory, or insufficient facts under a cognizable theory. *See Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). A court, in reviewing a motion to dismiss under Rule 12(b)(6),

considers all allegations of material fact as true, and construes them in the light most favorable to the nonmoving party. *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Applying this standard to the evidence presented by the parties to the present motion, the Court makes the following findings.

## Facts

The motion before the Court addresses matters within Tarragon's first amended cross-claim. (Ct. R., Doc. 150, p. 1.) In the first amended cross-claim, Tarragon advances claims of breach of contract, conversion, good faith and fair dealing, and unjust enrichment against Bel Aire. (Ct. R., Doc. 56.) A second amended cross-claim was filed in which Tarragon advanced claims against the Plaintiff for copyright infringement and contributory copyright infringement. (Ct. R., Doc. 164.) Beau Rivage claims that the second amended cross-claim fails to present a valid copyright claim because no copyright registrations for the subject materials have been granted by the United States Copyright Office [Copyright Office] for Tarragon. (Ct. R., Doc. 167, p. 1.) Under 17 U.S.C. § 411, a certificate of copyright registration is a prerequisite to a claim of copyright infringement, according to Beau Rivage. (*Id.*, p. 2.) In addition, Beau Rivage asserts that claims for statutory copyright damages and attorney fees are not proper unless the alleged infringement occurs after the effective date of the certificate of registration. (*Id.*)

Beau Rivage filed this lawsuit seeking declaratory judgment and injunctive relief regarding conflicting claims of ownership for the production *Imaginaya*, which was performed at the Beau Rivage theater during the spring and summer of 2007. Rather than seek a determination of the disputed issues of ownership prior to the performance of the show at the Beau Rivage, Tarragon filed its counterclaims in this suit subsequent to the production's conclusion at the Beau

Rivage.  In addition, there are crossclaims and amended crossclaims filed by Bel Aire against Tarragon; Tarragon against Bel Aire; and an amended counterclaim against Beau Rivage filed by Tarragon.  (Ct. R., Docs. 9, 94, 164, 165.)

Tarragon filed applications for registration with the Copyright Office for its shows, *Red Dream* and *Krasnaya*.  (Ct. R., Doc. 181-2, pp. 2-13.)  The application included a copy of CD's depicting the shows by these names.  (*Id*., pp. 5, 9-10.)  The applications were dated December 31, 2007.  (*Id*., pp. 2, 7.)  Beau Rivage asserts that Tarragon has provided no evidence of registration of ownership of the shows at issue.  (Ct. R., Doc. 168, p. 3.)  Accordingly, Beau Rivage contends that Tarragon cannot assert claims for copyright infringement for the works.  (*Id*.)  In addition, Beau Rivage asserts that if the certificates of registration allow for a claim of copyright infringement, any claims for statutory damages and attorneys fees under 17 U.S.C. §§ 504-5 would be improper under 17 U.S.C. § 412.  (*Id*.)  According to the Beau Rivage, Tarragon's original complaint indicates that the conduct alleged in violation of Tarragon's copyright began at least by early 2007.  (*Id*.; Ct. R., Doc. 25, p. 12. )

## Discussion

I.      Motion to Dismiss Copyright Claims

"[N]o action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a) (2005).  Registration is a jurisdictional prerequisite to filing an infringement action.  *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997).  A plaintiff must file an application for registration with the Copyright Office prior to the infringement action, but is not required to obtain a certificate from the Copyright Office before bringing suit.  *Lakedreams*

*v. Taylor*, 932 F.2d 1103, 1108 (5th Cir. 1991). Thus, all that is required is that an application for registration be filed with the Copyright Office.

If a plaintiff files a copyright infringement lawsuit before registering with the Copyright Office, the defect may be cured by subsequently amending or supplementing the complaint, once the plaintiff registers the copyright. *See Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 366 (5th Cir. 2004). Following the submission of the application for registration to the Copyright Office, Tarragon filed its amended answer to the amended complaint which asserted its copyright claims. (Ct. R., Doc. 94.) The Court finds that this amendment cured any defect in the original claim. Based on this information, the Court finds that the motion to dismiss Tarragon's copyright claims for failure to register a copyright application with the Copyright Office should be denied.

II.     <u>Dismiss Statutory Damages and Attorneys Fees Claims Under 17 U.S.C. § 412</u>

Beau Rivage contends that Tarragon's claims for statutory damages and attorneys fees should be dismissed under 17 U.S.C. § 412. (Ct. R., Doc. 168, p. 3.) Beau Rivage asserts that under copyright law, the effective date of a certificate of registration is the date when a complete application is mailed. (*Id*., citing 17 U.S.C. § 410(d)). Because Tarragon's original complaint asserts that the alleged infringing conduct had begun at least by early 2007, and the effective date of the registration is well after that date, the claims for statutory damages and attorneys fees should be dismissed. (Ct. R., Doc. 168, pp. 3-4.)

Tarragon concedes that it is not entitled to statutory damages or attorneys fees under 17 U.S.C. § 412, but argues that it is entitled to seek attorneys fees under other provisions of the law. (Ct. R., Doc. 173, pp. 46.) Tarragon also asserts that it is seeking actual damages and

disgorgement of gross revenues under 17 U.S.C. § 50(c) and contends that the motion to dismiss the copyright claims should be denied.

The Court concurs that dismissal of the copyright claims would be premature. The Court finds, however, that the claims for statutory damages and attorneys fees pursuant to Tarragon's copyright claims should be dismissed. Accordingly, the Court finds that the motion to dismiss should be granted in part and denied in part.

III.     Bel Aire's Motion to Strike

Finally, Bel Aire filed a motion to strike attachments asserting that the documents were submitted without leave of Court and without Bel Aire's consent. (Ct. R., Doc. 186, p. 2.) The Court called for the supplementation, however, and the documents were submitted by Tarragon at the request of the Court. Accordingly, the Court finds that the motion to strike should also be denied. It is therefore,

ORDERED AND ADJUDGED that Beau Rivage's motion to dismiss [167-1] be, and is hereby, granted in part and denied in part. It is further,

ORDERED AND ADJUDGED that the motion to dismiss Tarragon's claims for statutory damages and attorneys fees in connection with its copyright claims be, and is hereby granted. It is further,

ORDERED AND ADJUDGED that the motion to dismiss Tarragon's copyright claims be, and is hereby denied. It is further,

ORDERED AND ADJUDGED that the motion to strike [186-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the parties bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED, this the 19th day of August, 2008.

_____*Walter J. Gex III*_____
UNITED STATES SENIOR DISTRICT JUDGE