IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BEAU RIVAGE RESORTS, INC.                                                            PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 1:07cv49WJG-JMR

BEL-AIRE PRODUCTIONS, INC., and
TARRAGON WEST ENTERTAINMENT, INC.                                        DEFENDANTS

BEL-AIRE PRODUCTIONS, INC.              CROSS-PLAINTIFF/CROSS-DEFENDANT

VERSUS

TARRAGON WEST ENTERTAINMENT, INC.   CROSS-DEFENDANT/CROSS-PLAINTIFF

MEMORANDUM OPINION

THIS CAUSE comes before the Court on motion of Defendant Bel-Aire Productions, Inc., [Bel-Aire] [149-1], for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court has duly considered the record in this action, in addition to the briefs of counsel, and being fully advised in the premises, concludes as follows.

Standard of Review

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in the light most favorable to the nonmoving party, and draw all reasonable inferences in the nonmovant's favor. *Seatrax, Inc. v. Sonbeck Intern., Inc.*, 200 F.3d 358, 364 (5th Cir. 2000). If the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law", summary judgment is properly granted. FED. R. CIV. P. 56(c). The moving party bears the burden of showing that there is an absence of evidence to support the nonmovant's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Applying this standard to the evidence presented by the parties to the present motion, the Court makes the following findings:

## Facts

This motion addresses matters within Tarragon West Entertainment, Inc.'s [Tarragon] first amended cross-claim, as the second amended cross-claim was not filed until May 19, 2008, well after the instant motion was filed. (Ct. R., Doc. 150, p. 1; Doc. 165.) In that first amended cross-claim, Tarragon advances claims of breach of contract, conversion, good faith and fair dealing and unjust enrichment against Bel-Aire. (Ct. R., Doc. 94, pp. 23-30 .) Bel-Aire asserts that the claims for breach of contract, conversion, good faith and fair dealing and unjust enrichment advanced by Tarragon in its first amended cross-claim against Bel-Aire are preempted by 17 U.S.C. § 301, and should be dismissed. (Ct. R., Doc. 150, p. 1.)

Bel Aire produces and promotes live entertainment shows, and had developed a show for performance at the Beau Rivage. Bel Aire and Tarragon entered into written agreement regarding the production of a show *Red Dream* in 2004, and another show in 2005 *Red Dream 2*,

which was a revision of the show *Red Dream* and later changed its name to *Krasnaya*. (*Id.*) The *Krasnaya* performances was cut short by Hurricane Katrina.

Tarragon asserts that it conceived the idea of a Russian-based show mixing circus type acts with dance numbers. (*Id.*) Tarragon claims that first presentation of this type act was *Red Dream*. Tarragon and Bel Aire entered a second agreement to provide a touring version of *Red Dream 2*, following the success of *Red Dream*. (*Id.*, p. 11, and Exh. B.) Tarragon claims that under the agreement for the show *Krasnaya*, Tarragon had the exclusive rights to the show and all future productions or revisions of the show. (*Id.*, Exh. B, ¶ 10.)

## Conclusions of Law

I.  Preemption of Certain State Law Claims

Certain state law causes of action are preempted under federal copyright law. 17 U.S.C. § 301. Courts are to examine the state law claim in a two step process; first, the Court must find that the claim "falls within the subject matter of copyright." *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003). The parties to this motion do not dispute that the claims in this case fall within the subject matter of copyright. (Ct. R., Doc. 150, p. 6.) Second, the Court must determine whether the cause of action is equivalent to those rights provided under federal law. *Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir. 1995). A state law claim can survive preemption if the claim seeks to protect rights which are qualitatively different from copyright rights. *Daboub*, 42 F.3d at 289. The Court will examine the claims which are allegedly preempted.

A.  Conversion

Tarragon's conversion claim against both Bel Aire and Beau Rivage states the exertion of wrongful dominion over Tarragon's property and the wrongful interference with Tarragon's

ownership of the shows and any revisions to the Shows.  Tarragon further states that Bel Aire and Beau Rivage have seriously interfered with Tarragon's rights in the shows.  (Ct. R., Doc. 164, pp. 10, 19.)  Tarragon asserts that Beau Rivage and Bel Aire acted intentionally and with full knowledge of Tarragon's ownership rights in the shows and its relationship with Todes/Alla Duchova. (*Id.*)  Tarragon asserts a claim for damages, expenses and attorneys fees as a result of these alleged actions.  (*Id.*)

Mississippi law characterizes the tort of conversion as resulting from conduct intending to exercise dominion or control over the goods inconsistent with the true owner's rights.  *Masonite Corp. v. Williamson,* 404 So.2d 565 (Miss. 1981).  There does not appear to be an overlap under Mississippi law for the elements to prove a common law tort of conversion and a copyright claim.  *Southern Miss. Planning & Dev. Dist., Inc. v. Robertson*, 660 F. Supp. 1057, 1061 (S.D. Miss. 1986).  The Court concludes that the motion for partial summary judgment on this claim should be denied.

### B.   Breach of Contract

A breach of contract claim is not preempted when the party is required to show an extra element, including the existence of a valid contract between the parties.  *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990).  In this case, Tarragon has presented the contracts between Bel Aire and Tarragon, and contends that the breach of contract claim requires proof of additional elements not required in a copyright claim, including the contract duty contained within the parameters of the contract and a breach of that duty.  (Ct. R., Doc. 154, p. 2.)  The Court agrees and finds that Bel Aire's motion for partial summary judgment on Tarragon's breach of contract claim should be denied.

    C.    <u>Good Faith and Fair Dealing</u>

"All contracts contain an implied covenant of good faith and fair dealing in performance and enforcement." *Cenac v. Murry,* 609 So.2d 1257, 1272 (Miss. 1992). The covenant holds that "neither party will do anything which injures the right of the other to receive the benefits of the agreement." *Cothern v. Vickers,* 759 So.2d 1241, 1248 (Miss. 2000). "Good faith is the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party. The breach of the good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." *Cenac,* 609 So.2d at 1272. Bad faith involves more than mere negligence; it implies conscious wrongdoing "because of dishonest purpose or moral obliquity." *Bailey v. Bailey,* 724 So.2d 335, 338 (Miss. 1998).

Here, material questions of fact remain concerning Tarragon's claim of bad faith, which include consideration of whether Bel Aire intentionally acted outside its contractual authority, whether it misrepresented facts to Todes and other parties, and whether Bel Aire took the appropriate steps to uphold its contracts with Tarragon. *See Ferrara v. Walters,* 919 So.2d 876, 883 (Miss. 2005). The Court concludes that the motion for partial summary judgment on the claims of breach of good faith and fair dealing should be denied.

    D.    <u>Unjust Enrichment</u>

Generally, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under an unjust enrichment or quasi-contract theory, because the parties to the contract should be bound by their express agreements. *Ellis v. Anderson Tully Co.,* 727 So.2d 716, 719 (Miss. 1998). Tarragon has established that a written contract existed

between Tarragon and Bel Aire, thus claims of unjust enrichment are not an appropriate remedy between these parties. Furthermore, state law claims of misappropriation of proprietary information have been found to be preempted under federal law. *Daboub*, 42 F.3d at 290. Accordingly, the Court finds that the motion for partial summary judgment on any claim of unjust enrichment advanced against Bel Aire should be granted.

## Conclusion

For the reasons set forth above, this Court finds that Bel Aire's motion for partial summary judgment [149-1] on Tarragon's claims against it should be granted in part and denied in part. Based on this finding the Court further finds that the motion for partial summary judgment on the claim for unjust enrichment should be granted and that claim should be dismissed against Bel Aire. The Court further concludes that the motion for partial summary judgment on the claims for breach of contract, breach of the duty of good faith and fair dealing and conversion should be denied. A separate Partial Summary Judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date. Each party shall bear their respective costs associated with this motion.

THIS the 20th day of August, 2008.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE