IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BEAU RIVAGE RESORTS, INC.                                                        PLAINTIFF

VERSUS                                                  CIVIL ACTION NO. 1:07cv49WJG-JMR

BEL AIRE PRODUCTIONS, INC., and
TARRAGON WEST ENTERTAINMENT, INC.                                       DEFENDANTS

O R D E R

THIS CAUSE comes before the Court on the motion [197] *in limine* of Defendant Tarragon West Entertainment, Inc. [Tarragon] to exclude certain evidence from the trial of this matter. Each topic will be addressed as set forth in the motion by Tarragon.

Tarragon seeks to exclude any mention, inquiry, offer of testimony, or other evidence concerning the evacuation of the cast due to Hurricane Katrina, including mention of expenses. (Ct. R., Doc. 197, p. 2.) According to Tarragon, evidence concerning damages to Plaintiff Beau Rivage Resorts, Inc. [Beau Rivage] was rendered moot by the Court's ruling on a summary judgment motion. (Ct. R., Doc. 197, referencing Doc. 160.) Beau Rivage responds that evidence concerning the cast of *Krasyna* after Hurricane Katrina is relevant to the reason that the dance troupe Todes was unwilling to be associated with Tarragon in future performances and to the issue of the defamation claims asserted by Tarragon against Bel Aire Productions, Inc., [Bel Aire] and Beau Rivage. (Ct. R., Doc. 201.) The Court finds that the evidence regarding the evacuation of the cast during Hurricane Katrina may be relevant to issues beyond those asserted by Tarragon

in its motion to exclude. The Court concludes that the motion to exclude evidence relating to the evacuation of the cast during Hurricane Katrina should be denied.

Tarragon seeks to preclude evidence concerning Beau Rivage's efforts to seek a temporary restraining order [TRO] in this case and to prompt determination of rights in the production at issue in this case. (Ct. R., Doc. 197, pp. 2-6.) Beau Rivage argues that this evidence shows its good faith efforts to seek resolution of the matters at issue in this lawsuit before the show was staged at Beau Rivage. (Ct. R., Doc. 201, p. 2.) Beau Rivage contends that a TRO and attempt at interpleader were filed in this case to determine rights in the production before an alleged infringement occurred by performing the production at issue in this suit. (*Id*.) The Court finds that the evidence may be relevant to the defense of good faith, and finds that the motion to exclude such evidence should be denied.

Tarragon also seeks to exclude mention that a cast member allegedly cooked or ate rats while performing at the Beau Rivage. (Ct. R., Doc. 197, p. 7.) Beau Rivage contends the evidence is not unfairly prejudicial. (Ct. R., Doc. 201, p. 4.) The Court finds that such information is irrelevant to the issues in this case, and should be excluded. Accordingly, the Court finds that the motion to exclude such evidence should be granted.

Tarragon seeks to exclude evidence that one of the cast members allegedly had an abortion. (Ct. R., Doc. 197, p. 7.) Tarragon maintains that such evidence would be prejudicial and is irrelevant to the issues of this lawsuit. (*Id*., p. 8.) Beau Rivage contends that the possibility of the introduction of such evidence should be decided at trial. (Ct. R., Doc. 201, p. 4.) The Court, however, finds that the introduction of this evidence is irrelevant to the trial of this matter, and concludes that the motion to exclude this information should be granted.

Tarragon further contends that testimony regarding the fact that it is not a Mississippi corporation and evidence that Bel Aire or Beau Rivage is under any financial burden or hardship should be excluded. (Ct. R., Doc. 197, p. 8.) The issue concerning treatment of a corporation can be resolved with a standard jury instruction addressing that issue. In addition, the Court finds that evidence concerning the financial condition of either the Beau Rivage or Bel Aire is irrelevant and should not be allowed.

Tarragon seeks to exclude the deposition testimony of Alla Duchova, claiming that it did not have an adequate chance to cross-examine Duchova during the testimony. (Ct. R., Doc. 197, p. 6.) According to Tarragon, Duchova gave a limited deposition in February 2007, when Duchova indicated she would not return to give further testimony and directed any further communication be sent to her attorney. (*Id*., Exh. A, pp. 113-7.) Duchova refused to cooperate in further efforts to depose her, according to Tarragon. (*Id*., p. 7.)

Beau Rivage maintains that each party had the same amount of time to prepare for Duchova's deposition, and that the subpoena for the second deposition was not properly served. (Ct. R. Doc. 201, p. 3.) When Duchova did not appear at the second deposition, Beau Rivage contends that Tarragon should have sought the Court's assistance in compelling her appearance or provide another means to obtain the testimony and/or evidence. (*Id*.)

Beau Rivage contends that Duchova's testimony is vitally important to the lawsuit because the testimony addresses Todes termination of its relationship with Tarragon and any contractual obligations between the companies. (*Id*., p. 4.) Beau Rivage insists that the testimony should be allowed in this trial. (*Id*.)

The Court is unable to determine from the information presently available whether Duchova's deposition should be used in the trial of this matter. The basis for the request for

exclusion of the deposition is unclear, nor is it clear whether Duchova will testify at trial. The Court finds the motion to prohibit use of the deposition should be denied at this point. Tarragon may renew its motion when the exhibit and witness list for trial are presented, provided an issue remains regarding the use of the deposition. It is therefore,

ORDERED AND ADJUDGED that the motion [197] *in limine* of Defendant Tarragon to exclude certain evidence from the trial of this matter be, and is hereby, granted in part and denied in part. It is further,

ORDERED AND ADJUDGED that evidence regarding the evacuation of the cast during Hurricane Katrina and concerning Beau Rivage's efforts to seek a TRO in this case and to prompt determination of rights in the production at issue be allowed in this case. It is further,

ORDERED AND ADJUDGED that evidence regarding a cast member who allegedly cooked or ate rats while performing at the Beau Rivage, or obtained an abortion is irrelevant to this case and should not be allowed. In addition, evidence concerning the financial condition of either the Beau Rivage or Bel Aire is allowed. It is further,

ORDERED AND ADJUDGED that the motion to exclude the deposition testimony of Duchova be, and is hereby, denied. Tarragon may renew the motion to exclude, if necessary, when exhibit and witness lists are exchanged by the parties. It is further,

ORDERED AND ADJUDGED that each party bear its respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 23rd day of February, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE