IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BEAU RIVAGE RESORTS, INC.                                               PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 1:07cv49WJG-JMR

BEL-AIRE PRODUCTIONS, INC., and
TARRAGON WEST ENTERTAINMENT, INC.                           DEFENDANTS

O R D E R

THIS CAUSE comes before the Court on the motion [198] of Defendant Tarragon West Entertainment, Inc., [Tarragon] to exclude the expert testimony of Mel Shields. Shields is a former teacher, nightclub critic, and entertainment and casino correspondent. (Ct. R., Doc. 199-2, p. 7.) Shields relies on his 33 years of experience in reviewing casino shows and productions. (*Id*., Exh. A, p. 6.) According to Tarragon, Shields' experience in reviewing casino shows is limited to Broadway shows and Vegas-style shows, which are risque productions. (*Id*., Exh. F to Exh. A.) Tarragon asserts that Shields does not have the necessary background and experience to render an opinion regarding any similarity between the shows at issue in this lawsuit. (Ct. R., Doc. 199, p. 2.) Tarragon contends that his analysis regarding the similarity of the shows is unreliable and inadmissible under the Federal Rules of Evidence and *Daubert*[1].

Tarragon contends that Shields has no educational background in the theater arts, and relies on his background and experience in reviewing Broadway shows and Vegas-style revues in

---

[1] *Daubert v. Merrell Dow Pharamceuticals, Inc*., 509 U.S. 579 (1993).

the Reno/Tahoe casino area to form his opinion concerning whether the shows at issue in this suit are substantially similar. (*Id*., Exh. A and its Exh. G.)

Defendant Bel Aire Productions, Inc., [Bel Aire], contends that the motion filed by Tarragon is untimely and should be stricken. (Ct. R., Doc. 202, p. 1.) Shields was designated as an expert witness in October 2007, and the instant motion was not filed until August 2008. (Ct. R., Doc. 199.) Under the Uniform Local Rules for the Northern and Southern Districts of Mississippi, motions challenging an opposing party's expert witness shall be filed no later than fifteen calendar days after the discovery deadline, which in this case expired on February 3, 2008.

Bel Aire also contends that Shields' observations regarding the shows at issue in this suit are just as reliable as those of Rhona Justice-Malloy, the expert designated by Tarragon to provide information concerning the similarity of the shows. (Ct. R., Doc. 202, p. 4.) Bel Aire asserts that whether the jury finds Shields' experience and testimony to be credible is not a subject for a Daubert type assessment. (*Id*., p. 5.)

Rule 702 of the Federal Rules of Evidence provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principals and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under *Daubert* and *Kumho Tire Co. v. Carmichael*[2], the Court must determine the reliability of the basis for arriving at the conclusions of a witness. Expert testimony should not be considered in a case unless the expert has genuine expertise and will assist the trier of fact in understanding

---

[2] 526 U.S. 137 (1999).

or determining the fact in issue. *Daubert*, 509 U.S. at 592. Without further information from both parties, it is unclear whether either of these witnesses qualify as experts or whether their testimony fits the requirements of *Daubert*. Accordingly, the Court finds that the motion to exclude the testimony of Mel Shields should be denied. The issue of the admissibility of Shields' testimony and whether either witness qualifies as an expert will be further examined at a *Daubert* hearing to be held during the trial of this matter prior to expert testimony. It is therefore,

ORDERED AND ADJUDGED that Tarragon's motion [198] to exclude the testimony of Mel Shields be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the issue of the admissibility of Shields' testimony under *Daubert* will be set for hearing during the trial of this matter and prior to his testimony in court. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with this motion.

SO ORDERED this the 23rd day of February, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE