IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BEAU RIVAGE RESORTS, INC. , a
Mississippi Corporation                                          PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:07cr49WJG-JMR

BEL AIRE PRODUCTIONS, INC., a
Nevada Corporation and TARRAGON WEST
ENTERTAINMENT, INC., a Nevada
Corporation                                                    DEFENDANTS

O R D E R

THIS CAUSE is before the Court on motion [238] filed by Plaintiff Beau Rivage Resorts, Inc., [Beau Rivage], to strike the renewed motion for partial summary judgment on copyright infringement claims filed by Defendant Tarragon West Entertainment, Inc., [Tarragon]. (Ct. R., Doc. 235). The Court finds Plaintiff's motion should be granted for the reasons set forth below.

The discovery deadline was extended to February 3, 2008, and the dispositive motion deadline extended to February 17, 2008, by Text Only Order of the magistrate judge entered November 14, 2007. Defendant Tarragon has since neither moved for an extension of that deadline prior the expiration of that deadline, nor has it ever filed a motion for leave to file an untimely dispositive motion.

On July 22, 2008, this Court held a Telephonic Status Conference during which the parties specifically discussed and announced all were ready to proceed under the trial order established by the previously assigned judge. (Minute Entry, July 28, 2008.) The matter was set

for trial on September 15, 2008, at 10:00 a.m.; and the Court ordered that all jury instructions, witness lists and exhibit lists be submitted to the Court by no later than September 1, 2008. No permission was granted by the Court for any party to file an out of time dispositive motion during this conference.

On August 1, 2008, the Court by text order set a late discovery hearing for August 7, 2008, in chambers. (Text Only Order, August 1, 2008.) During the August 7th hearing, the Court requested that Magistrate Judge John M. Roper attend as he had handled all past discovery matters. Judge Roper made his ruling, admonishing Tarragon's counsel for raising a discovery issue long past the February 3, 2008, discovery deadline. Judge Roper ruled the existence of the requested discovery items was to be reasonably explored and, if found, the items were to be submitted out of time. There was again no permission granted during this conference to file any dispositive motions. The Court did, however, order that *in limine* motions – standard pretrial motions – be filed by no later than August 28, 2008, and the Pretrial Order was to be filed by no later than September 8, 2008.

Defendant Tarragon filed an untimely motion for partial summary judgment on August 15, 2008. (Ct. R., Doc. 189.) Defendant Bel Aire Productions, Inc., [Bell Aire] filed its motion to strike Defendant Tarragon's motion as untimely on August 20, 2008, (Ct. R., Doc. 194), and Plaintiff Beau Rivage filed its joinder in Defendant Bel Aire's motion, (Ct. R., Doc. 195), shortly thereafter on that same date. The Court, on August 21, 2008, entered a text order granting Defendant Bel Aires' motion and Plaintiff's joinder to the extent that Defendant Tarragon's motion was stricken as untimely, but denied the requests for fees and costs.

Due to Hurricanes Gustav and Ike, the September 2008 trial had to be cancelled. After handling certain complications which arose as the result of the death of the sole owner of Bel Aire, the matter was again set for trial on November 2, 2009, and deadlines were established for the submission of trial materials. (Text Only Order, August 24, 2009.) Due to the severe illness of one of Plaintiff's expert witnesses, the trial was not able to go forward on November 2nd, and ultimately, after the failure of mediation, the matter was set once again for trial on March 1, 2010.

During the various and numerous telephone and chambers conferences, while the filing of the **usual** pretrial materials and motions were discussed, there was never any permission granted to any party to file an out of time dispositive motion. Regardless, on October 22, 2009, Defendant Tarragon filed its renewed motion for partial summary judgment on copyright infringement claims, irrespective of the denial of its first untimely dispositive motion some fourteen (14) months before. (Ct. R., Doc. 235.)

The Court therefore finds that Plaintiff's motion to strike should be granted, but it will again decline to award fees and costs as the Court prefers to believe that counsel for Defendant Tarragon, rather than acting out of arrogant disregard for this Court's procedures and scheduling orders, is simply not clear on just what immediate pretrial motions/materials entail. Counsel is invited to contact the Court for further instruction, and shall, in any event, refrain from filing any further dispositive motions. It is, therefore,

ORDERED that Plaintiff's motion [238] to strike Defendant Tarragon's renewed motion for partial summary judgment, (Ct. R., Doc. 235), be and is hereby granted in part and denied in part. It is further,

ORDERED that Plaintiff's motion [238] is granted to the extent that Defendant Tarragon's renewed motion [235] for summary judgment be, and is hereby, stricken and terminated on the docket of this Court. It is further,

ORDERED that Plaintiff's motion [238] for costs and fees is denied, and the parties shall bear their respective costs in association with this motion.

SO ORDERED AND ADJUDGED, this the 14th day of January, 2010.

                                       *Walter J. Gex III*
                               UNITED STATES SENIOR DISTRICT JUDGE