IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BEAU RIVAGE RESORTS, INC.                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 1:07cv49WJG-JMR

BEL-AIRE PRODUCTIONS, INC., and
TARRAGON WEST ENTERTAINMENT, INC.                                  DEFENDANTS

O R D E R

THIS CAUSE comes before the Court on the motion [230] *in limine* of the Plaintiff, Beau Rivage Resorts, Inc. [Beau Rivage] to exclude the expert testimony of Dr. Rhona Justice-Malloy and a related motion [232] filed by the Defendant, Tarragon West Entertainment, Inc., [Tarragon] to strike the motion to exclude as untimely.

Beau Rivage contends that Justice-Malloy is not qualified to serve as an expert witness in this case. (Ct. R., Doc. 230, pp. 1-2.) Her background as a theater art professor does not render her capable of testifying about production shows of the type pertinent to this lawsuit, according to Beau Rivage. (*Id.*, p. 2.) Plaintiff raises a challenge to her testimony under *Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. 579 (1993). (*Id.*)

According to Tarragon, the motion to exclude should have been filed pursuant to the deadline imposed by the scheduling order, which required all motions be filed by December 17, 2007. (Ct. R., Doc. 232, p. 2.) In addition, Tarragon contends that the motion was not filed in good faith, because Justice-Malloy is well qualified to testify regarding the subject matter at issue in this suit. (*Id.*, p. 3.)

This case has, through no fault of the participants, been scheduled and rescheduled several times since its first trial setting on the docket of Judge Louis Guirola in May of 2008. (Ct. R., Doc. 38.) While the motion deadline of December 17, 2007, cited by Defendant Tarragon is accurate, the more appropriate deadline for the filing of any objections to Tarragon's expert witness would have been February 17, 2008, deadline set by Judge Roper via Text Order amending certain deadlines in the original Case Management Order and entered on November 14, 2007 – 14 days after the amended close of discovery on February 3, 2008.

"Motions *in limine* other than motions challenging another party's expert must be filed no later than fourteen calendar days before the pretrial conference, and all responses must be filed no later than seven calendar days before the pretrial conference." (LOCAL UNIFORM CIVIL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHER DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, Rule 7(b)(2)(D)). Plaintiff filed the instant motion as a motion *in limine,* but as it challenges Tarragon's expert, Rule 7(b)(2)(C) of the local rules applies: "Unless otherwise ordered by the Case Management Order, all case dispositive motions and motions challenging an opposing party's expert must be filed no later than fourteen calendar days after the discovery deadline. *(Id.,* Rule 7(b)(2)(C)). Therefore, the Court finds Plaintiff's motion should have been filed by no later than February 17, 2008, and is therefore untimely.

An earlier motion and order addressed a similar issue regarding another expert in this case. (Ct. R., Docs. 198, 210.) The Court determined that any challenge to a designated expert's ability to testify should be resolved in a *Daubert* hearing held during the trial of this matter and prior to testimony from that witness being heard by the jury. (Ct. R., Doc. 210, p. 3.) As such,

the Court will follow its standard practice and determine the admissibility of Justice-Malloy's testimony following a *Daubert* hearing during the trial of this matter. It is therefore,

ORDERED AND ADJUDGED that the motion [232] to strike filed by Defendant Tarragon be, and is hereby, granted. It is further,

ORDERED AND ADJUDGED that the motion [230] *in limine* motion of Plaintiff Beau Rivage to exclude the expert testimony of Dr. Rhona Justice-Malloy be, and is hereby, stricken. It is further,

ORDERED AND ADJUDGED that the Court will follow its standard practice and determine the admissibility of Justice-Malloy's testimony following a Daubert hearing during the trial of this matter.

SO ORDERED AND ADJUDGED, this the 12th day of February, 2010.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE